IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| REBECCA ARNOLD, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 6:17-cv-64 |
| v. | § | |
| | § | |
| WHARTON NURSING AND | § | |
| REHABILITATION CENTER, INC. | § | JURY TRIAL DEMANDED |
| and REGENCY POST-ACUTE | § | |
| HEALTHCARE SYSTEM, INC., | § | |
| | § | |
| Defendants. | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Rebecca Arnold, files this, Plaintiff's Original Complaint, complaining of Defendants, Wharton Nursing and Rehabilitation Center, Inc. and Regency Post-Acute Healthcare System, Inc., and for cause of action, would show as follows:

### I. INTRODUCTION

1. Plaintiff complains that she was discriminated against regarding the terms and conditions of her employment because of her sex and gender and retaliated against because she reported and opposed such discrimination. Accordingly, Plaintiff seeks back pay, front pay, compensatory damages, punitive damages, attorneys' fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for sex and gender discrimination and retaliation suffered by Plaintiff in the course of her employment with Defendant. Plaintiff demands a jury on all issues triable to a jury.

## II.    PARTIES

2. Plaintiff, Rebecca Arnold ("Arnold" or "Plaintiff") is a citizen of the United States and is currently a resident of West Columbia, Texas.

3. Defendant, Wharton Nursing and Rehabilitation Center, Inc. ("Wharton") is a Domestic For-Profit Corporation with a principal place of business at 101 W Goodwin Ave, Suite 600, Victoria, Texas 77901-6530. Wharton's registered agent for service of process in Texas is Heber S. Lacerda, 101 W Goodwin Ave, Suite 600, Victoria, Texas 77901.

4. Defendant, Regency Post-Acute Healthcare System, Inc. ("Regency"), is a Domestic For-Profit Corporation with a principal place of business at 101 W Goodwin Ave, Suite 600, Victoria, Texas 77901-6530. Regency's registered agent for service of process in Texas is Donald P. Kivowitz, 101 W Goodwin Ave, Suite 600, Victoria, Texas 77901.

## III.    JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States and, specifically, under the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*.

6. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. § 1391(b) because Defendants' alleged unlawful employment practices that give rise to Plaintiff's claims were committed in the Southern District of Texas.

7. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

## III.    PROCEDURAL REQUISITES

8. Plaintiff timely filed a Charge of Discrimination, Charge Number 460-2016-00515 ("Charge"), against Defendants with the Equal Employment Opportunity Commission

("EEOC") on or about November 10, 2015. On June 9, 2017, the EEOC issued a Determination finding that Defendants violated Title VII of the Civil Rights Act of 1964, as amended because,

> The investigation clearly demonstrates that Charging Party was terminated in retaliation for opposing the inappropriate rumor and sexual harassment. Testimonial and documentary evidence collected- during the course of the investigation establish that- Charging Party complained about sexual harassment, Respondent was aware of the complaint, and that a causal connection exists between Charging Party's sexual harassment complaint and her termination. Furthermore, the investigation revealed that the reason offered by Respondent for Charging Party's termination was pretext and the real reason was retaliation.

The EEOC's Determination is attached as Exhibit 1. Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit 2. As such, all conditions precedent to filing this cause of action have been met.

### IV.   FACTS

9.   Regency hired Plaintiff as the Director of Nursing of Wharton beginning on November 24, 2014. Regency owns and manages Wharton and exercises control over its employees.

10.   During her tenure with Defendants, Plaintiff reported to Elisabeth McGee, Administrator.

11.   In 2015, Luther Lathon, a Certified Nursing Assistant employed by Defendants, began sexually harassing Plaintiff. Mr. Lathon made highly inappropriate sexual comments to Plaintiff, which made her feel very uncomfortable. Additionally, he told Defendants' other employees that Plaintiff performed oral sex on him at the workplace. There are several witnesses to Mr. Lathon's statements.

12.   On or about April 13, 2015, Plaintiff reported the sexual harassment to her direct supervisor, Ms. McGee. Specifically, she complained about the sexual comments that Mr.

Lathon made to her and the false statements concerning sexual acts that Mr. Lathon made about her.

13. On or about April 14, 2015, Ms. McGee spoke with and sent an email to Antonio Villanueva, Vice President of Operations, and informed him about Plaintiffs sexual harassment complaint. Mr. Villlanueva refused to Ms. McGee, verbally and in an email, to take remedial action to prevent Mr. Lathon from sexually harassing Plaintiff stating that there is nothing that he can do a because Mr. Lathon denied doing it so any remedial measures would be "retaliation." Defendants simply took the word of the sexual harasser and did not otherwise conduct an investigation or interview any of the witnesses to the sexual harassment.

14. Mr. Villanueva considered Plaintiff a threat because she had complained of sexual harassment and he began actively trying to terminate her employment. Specifically, Mr. Villanueva instructed Ms. McGee to follow Plaintiff around during the day and take notes of her activities because she was a "liability" to Wharton and Regency.

15. Shortly thereafter, Ms. McGee told Mr. Villanueva that she would not fire Plaintiff because Plaintiff had not done anything wrong. Upon hearing such statement, Plaintiff's employment was terminated the very next day, on May 6, 2015, by Mr. Villanueva, but was given no reason whatsoever for the termination.

16. On May 7, 2015, Defendants terminated Ms. McGee's employment. Mr. Villanueva and John Ballard told Ms. McGee that her employment was terminated because she failed to and refused to fire Plaintiff.

17. Based on its investigation of the facts set forth above, the EEOC determined that Plaintiff complained about sexual harassment, Defendants was aware of the complaint, and that a causal connection exists between Plaintiff's sexual harassment complaint and her termination.

Furthermore, the EEOC's investigation found that the reason offered by Defendants for Plaintiff's termination was pretext and the real reason was retaliation. As a result, the EEOC concluded that Defendants violated Title VII of the Civil Rights Act of 1964, as amended.

## V.   SEXUAL HARASSMENT, HOSTILE WORK ENVIRONMENT & DISCRIMINATION

18. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

19. Plaintiff is a Female employee protected under Title VII. 42 U.S.C. §2000e(f).

20. Defendants are employers within the meaning of Title VII. Plaintiff was employed by Defendant as the Director of Nursing at their Wharton facility.

21. Defendant intentionally discriminated against plaintiff in violation of Title VII by creating a sexually hostile work environment. Mr. Lathon's conduct unreasonably interfered with Plaintiff's work performance and made it difficult to perform her job's duties. Specifically, he made comments of a sexual nature to Plaintiff, invaded Plaintiff's personal space, physically touched Plaintiff, and falsely told Defendants' employees that Plaintiff performed sexual acts for him during work.

22. Defendants' intentional discrimination resulted in an adverse employment action, termination, against Plaintiff.

23. Defendants did not exercise reasonable care to prevent and cure allegations of sexual harassment. Thus, Defendants ratified the wrongful conduct by failing to take appropriate remedial action after becoming aware of the conduct.

24. Defendants' termination of Plaintiff's employment and subjecting Plaintiff to different terms and conditions of employment constitute hostile work environment, sexual harassment, and discrimination.

25. As a result of Defendants' harassing and discriminatory actions, Plaintiff has suffered lost wages in the past and future, loss of future earning capacity, emotional pain and suffering, and mental anguish, all of which were caused by Defendants' unlawful treatment of Plaintiff. In all probability, Plaintiff will continue to suffer such damages in the future.

### VI.  DISCRIMINATION & RETALIATION

26. Plaintiff incorporates by reference all of the foregoing allegations in each of the paragraphs above as fully set forth herein.

27. Plaintiff engaged in protected activity by complaining to Ms. McGee that Mr. Lathon was sexually harassing her. Defendants discriminated and retaliated against Plaintiff by refusing to investigate her complaint and directing Ms. McGee to follow Plaintiff around to document her failures. Mr. Villanueva instructed Ms. McGee to terminate Plaintiff's employment but Ms. McGee refused because Plaintiff consistently discharged her job's duties. The following day, Defendants terminated Plaintiff's employment in retaliation for her protected complaint, which caused Plaintiff damages, including lost wages.

28. As a result of Defendants' discriminatory and retaliatory actions, Plaintiff has suffered lost wages in the past and future, loss of future earning capacity, emotional pain and suffering, and mental anguish, all of which were caused by Defendants' unlawful treatment of Plaintiff. In all probability, Plaintiff will continue to suffer such damages in the future.

### VII.  DAMAGES

29. Plaintiff was discharged from employment with Defendants. Although Plaintiff has diligently sought other employment, she has been unable to find a job. In addition, Plaintiff has incurred expenses in seeking other employment and has had to pay for medical treatment that otherwise would have been covered by the health benefits plan offered by Defendants. As a

result of Defendants' conduct, Plaintiff seeks the following relief: (1) back pay, including, but not limited to, her salary, bonuses, and benefits; (2) reinstatement, or if reinstatement is deemed not feasible, front pay, including, but not limited to, her salary, bonuses, and benefits; (3) costs of court and attorneys' fees; (4) mental anguish and emotional distress in the past and future; and (5) compensatory damages.

30. Additionally, since Defendants' actions were committed maliciously, willfully, or with reckless indifference to Plaintiff's federally protected rights, Plaintiff is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendants and others similarly situated from this conduct in the future.

## VIII. JURY DEMAND

31. Plaintiff requests a trial by jury on issues triable by a jury in this case.

## IX. ATTORNEY FEES

32. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k).

## X. PRAYER

WHEREFORE, Plaintiff, Rebecca Arnold, respectfully prays that upon final trial hereof, this Court grant her appropriate back pay, including, but not limited to, her salary, bonuses, and benefits; reinstatement, or if reinstatement is deemed not feasible, front pay, including her salary, bonuses, and benefits; mental anguish and emotional distress in the past and the future; compensatory damages; punitive damages as allowed by law; reasonable attorneys' fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment

interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

                        Respectfully submitted,

                        **SHELLIST | LAZARZ | SLOBIN LLP**

                By:  */s/ Mark Lazarz*
                        MARK LAZARZ
                        State Bar No. 12069100
                        mlazarz@eeoc.net
                        BRIAN J. LEVY
                        State Bar No.: 24067728
                        S.D. Tex. No.: 1109283
                        blevy@eeoc.net
                        11 Greenway Plaza, Suite 1515
                        Houston, Texas 77046
                        Telephone: (713) 621-2277
                        Facsimile: (713) 621-0993

                        **ATTORNEYS FOR PLAINTIFF
REBECCA ARNOLD**